Victoria Wickman, Esq. VW-8925
LAW OFFICE OF VICTORIA WICKMAN
Attorneys for Plaintiff
40 Exchange Place, Suite 500
New York, New York 10005
(212) 374-9161
vwickman@wickmanmedlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LINDA CROSBY, as Administrator of the Estate of LINDA
CROSBY, deceased,

                                      Plaintiff,

        -against-

VICTOR INADA, M.D., CALLEN-LORDE COMMUNITY
HEALTH CENTER and UNITED STATES OF AMERICA,

                                    Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Civil Action No.:

Plaintiff, LINDA CROSBY, by her attorneys, LAW OFFICE OF VICTORIA WICKMAN, allege the following upon information and belief and at all times hereinafter mentioned:

## JURISDICTION & VENUE

1. Jurisdiction exists over plaintiff's claims against the defendants by virtue of the Federal Tort Claims Act and pursuant to 28 U.S.C. §§1331-32, 1346(b)(1), 1367(a) and 2671, *et seq.*, in that the plaintiff suffered injury by the medical malpractice of officers, agents and employees of the UNITED STATES OF AMERICA acting within the scope and course of their employment, and that the Federal Tort Claims Act is the exclusive remedy for injuries, caused by deemed employees of the federal government, which occurred on or after the date that said employees were deemed eligible for coverage, and that this exclusive remedy is provided by the Public Health Service Act pursuant to 42 U.S.C. §233(g)-(k).

2. Notice of this claim was timely made on the UNITED STATES OF AMERICA pursuant to 28 U.S.C. §2401(b) and §2675(a) by service of a Standard Form 95, Claim for Damage, Injury or Death, on the Department of Health & Human Services on or about August 23, 2019.

3. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. §1402(b) inasmuch as the wrong complained of occurred within the Southern District of New York and that, pursuant to 28 U.S.C. §1391(b) and (c), at all relevant times the defendant was located in the Southern District of New York, which is where a substantial part of the events or omissions giving rise to the claim occurred, and that defendant has sufficient contacts with the Southern District of New York to subject them to jurisdiction here.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2671 *et. seq.*, (The Federal Tort Claims Act) and 28 U.S.C. §1367(a).

5. The Federally Supported Health Centers Assistance Act of 1992, Public Health Law No. 102-501, 42 U.S.C. 233(g)-(k) and the amended Act of 1995, Public Health Law No. 104-73, 42 U.S.C. §201, provides that the Federal Tort Claims Act is the exclusive remedy for injuries, including death, caused by deemed employees of the federal government which occurred on or after January 1, 1993 or when the employee was deemed eligible for coverage.

6. Plaintiff, LINDA CROSBY, has complied with the requirements of the Federal Tort Claims Act in that she first presented this claim to the defendant UNITED STATES OF AMERICA within (2) years after the subject claim accrued pursuant to 28 U.S.C. §2401(b).

7. On January 8, 2020 the UNITED STATES OF AMERICA by the Department of Health & Human Services denied the plaintiff's claim.

8. All conditions precedent to the Federal Tort Claims Act have been met.

## **THE PARTIES**

9. Plaintiff resides and continues to reside in the County of New York, State of New York.

10. Plaintiff's decedent, LINDA CROSBY, died on January 25, 2018.

11. Plaintiff was duly appointed Administrator of the Estate of LINDA CROSBY by the Surrogate of New York on April 30, 2018.

12. The UNITED STATES OF AMERICA is a proper defendant under the Federal Torts Claim Act.

13. Defendant UNITED STATES OF AMERICA, through its agents, servants, employees, physicians, residents, interns and other medical personnel represented to the public at large and, more particularly, to the plaintiff's decedent that it utilized and employed medical personnel possessing the proper degree of skill and learning necessary to render medical services in accordance with accepted medical practices and that it undertook to use reasonable care and diligence in the treatment of patients and, more specifically, plaintiff's decedent, LINDA CROSBY.

14. Defendant, UNITED STATES OF AMERICA, itself and through its agents, servants and/or employees, undertook, agreed and did render medical care and services to the plaintiff's decedent, LINDA CROSBY, from on or about May 11, 2016 up through and including February 16, 2017.

15. At all relevant times, Defendant, UNITED STATES OF AMERICA owned a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

16. At all relevant times, Defendant, UNITED STATES OF AMERICA operated a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

17. At all relevant times, Defendant, UNITED STATES OF AMERICA managed a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

18. At all relevant times, Defendant, UNITED STATES OF AMERICA maintained a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

19. At all relevant times, Defendant, UNITED STATES OF AMERICA controlled a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

20. At all relevant times, Defendant, UNITED STATES OF AMERICA supported the medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

21. At all relevant times, Defendant, UNITED STATES OF AMERICA funded a medical facility known as CALLEN-LORDE COMMUNITY HEALTH CENTER, located at 356 West 18th Street, New York, New York 10011.

22. At all relevant times, Defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER was, and is, a federally supported medical facility.

23. At all relevant times, Defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER, was, and is, a federally supported medical facility under the Federally Supported

Health Centers Assistance Act of 1992, Public Health Law No. 102-501, 4 U.S.C. 233 (g)-(k) and the amended Act of 1995, Public Health Law No. 104-73, 42 U.S.C. §201.

24. Defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER, itself and through its agents, servants, and/or employees held itself out to the general public and more particularly to the plaintiff's decedent, LINDA CROSBY, as utilizing and employing medical personnel possessing the proper degree of learning and skill necessary to render medical services in accordance with good and accepted standards of medical practice in that it undertook to use reasonable care and diligence in the treatment of the plaintiff's decedent, LINDA CROSBY.

25. Defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER, itself and through its agents, servants and/or employees, undertook, agreed and did render medical care and services to the plaintiff's decedent, LINDA CROSBY, from on or about May 11, 2016 up through and including February 16, 2017.

26. Defendant VICTOR INADA, M.D. ("INADA") was and represented himself to be a physician duly licensed to practice medicine in the State of New York and maintained offices for the practice of medicine in the County of New York, State of New York.

27. Defendant, INADA, held himself out to the public, and specifically to the plaintiff's decedent, LINDA CROSBY, as possessing the proper degree of learning and skill necessary to render medical services in accordance with good and accepted standards of medical practice in that he undertook to use reasonable care and diligence in the treatment of the plaintiff's decedent, LINDA CROSBY.

28. Defendant, INADA, himself, and through his agents, partners and/or employees, undertook, agreed and did render medical care and services to the plaintiff's decedent, LINDA CROSBY, from on or about July 20, 2009 up through and including February 16, 2017.

29. Defendant, INADA, was an agent of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER from on or about July 20, 2009 up through and including February 16, 2017.

30. Defendant, INADA, was a partner of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER from on or about July 20, 2009 up through and including February 16, 2017.

31. Defendant, INADA, was a servant of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER from on or about July 20, 2009 up through and including February 16, 2017.

32. Defendant, INADA, was a shareholder of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER from on or about July 20, 2009 up through and including February 16, 2017.

33. Defendant, INADA, was an employee of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER from on or about July 20, 2009 up through and including February 16, 2017.

34. Defendant, INADA, was acting within the scope of his duties as an agent, partner, servant, and/or employee of defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER, when rendering services to the plaintiff's decedent, LINDA CROSBY, from on or about July 20, 2009 up through and including February 16, 2017.

35. Defendant, INADA, was an agent of defendant, UNITED STATES OF AMERICA from on or about July 20, 2009 up through and including February 16, 2017.

36. Defendant, INADA, was a partner of defendant, UNITED STATES OF AMERICA from on or about July 20, 2009 up through and including February 16, 2017.

37. Defendant, INADA, was a servant of defendant, UNITED STATES OF AMERICA from on or about July 20, 2009 up through and including February 16, 2017.

38. Defendant, INADA, was a shareholder of defendant, UNITED STATES OF AMERICA from on or about July 20, 2009 up through and including February 16, 2017.

39. Defendant, INADA, was an employee of defendant, UNITED STATES OF AMERICA from on or about July 20, 2009 up through and including February 16, 2017.

40. Defendant, INADA, was acting within the scope of his duties as an agent, partner, servant, and/or employee of defendant, UNITED STATES OF AMERICA, when rendering services to the plaintiff's decedent, LINDA CROSBY, from on or about July 20, 2009 up through and including February 16, 2017.

## AS AND FOR A FIRST CAUSE OF ACTION

41. The defendant, UNITED STATES OF AMERICA, through its agents, servants, partners and/or employees were negligent, careless, unskillful, departed from good and accepted standards of medical practices and procedures and committed medical malpractice in connection with the medical care and treatment rendered to the plaintiff's decedent, LINDA CROSBY.

42. As a result of the foregoing negligence of the defendant, its agents, servants, partners and/or employees, decedent, LINDA CROSBY was rendered sick, sore lame, disabled and permanently afflicted with irreversible serious complications and injuries.

43. As a result of the foregoing, the decedent, LINDA CROSBY, experienced conscious pain and suffering and sustained other damages.

44. The aforesaid injuries were caused wholly and solely by the carelessness, negligence and unskillfulness of the defendants, their agents, servants and/or employees, without any negligence on the part of the decedent contributing thereto.

45. As a result of the foregoing, LINDA CROSBY, as Administrator of the Estate of LINDA CROSBY, deceased, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

46. Plaintiff repeats, realleges and reiterates each and every allegation contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

47. The defendant, CALLEN-LORDE COMMUNITY HEALTH CENTER, through its agents, servants, partners and/or employees were negligent, careless, unskillful, departed from good and accepted standards of medical practices and procedures and committed medical malpractice in connection with the medical care and treatment rendered to the plaintiff's decedent, LINDA CROSBY.

48. As a result of the foregoing negligence of the defendant, its agents, servants, partners and/or employees, decedent, LINDA CROSBY was rendered sick, sore lame, disabled and permanently afflicted with irreversible serious complications and injuries.

49. As a result of the foregoing, the decedent, LINDA CROSBY, experienced conscious pain and suffering and sustained other damages.

50. The aforesaid injuries were caused wholly and solely by the carelessness, negligence and unskillfulness of the defendants, their agents, servants and/or employees, without any negligence on the part of the decedent contributing thereto.

51. As a result of the foregoing, LINDA CROSBY, as Administrator of the Estate of LINDA CROSBY, deceased, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

52.  Plaintiff repeats, realleges and reiterates each and every allegation contained in the First and Second Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein

53.  The defendant, INADA, himself and through his agents, servants, partners and/or employees were negligent, careless, unskillful, departed from good and accepted standards of medical practices and procedures and committed medical malpractice in connection with the medical care and treatment rendered to the plaintiff's decedent, LINDA CROSBY.

54.  As a result of the foregoing negligence of the defendant, its agents, servants, partners and/or employees, decedent, LINDA CROSBY was rendered sick, sore lame, disabled and permanently afflicted with irreversible serious complications and injuries.

55.  As a result of the foregoing, the decedent, LINDA CROSBY, experienced conscious pain and suffering and sustained other damages.

56.  The aforesaid injuries were caused wholly and solely by the carelessness, negligence and unskillfulness of the defendants, their agents, servants and/or employees, without any negligence on the part of the decedent contributing thereto.

57.  As a result of the foregoing, LINDA CROSBY, as Administrator of the Estate of LINDA CROSBY, deceased, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND A FOURTH CAUSE OF ACTION

58.  Plaintiff repeats, realleges and reiterates each and every allegation contained in the First, Second and Third Causes of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

59. As a result of the foregoing, Decedent, LINDA CROSBY, died on January 25, 2018 as a result of the permanent injuries sustained and suffered.

60. Decedent, LINDA CROSBY, left surviving her next of kin and distributees.

61. The estate of LINDA CROSBY, became liable and did expend money for funeral and other expenses.

62. As a result of the foregoing, decedent's next of kin and distributees lost services, income, support, guidance and companionship of the deceased and were pecuniarily damaged.

63. As a result of the foregoing, the Estate of LINDA CROSBY has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## DEMAND FOR TRIAL BY JURY

64. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury in this action.

**WHEREFORE**, plaintiff demands judgment against the defendants in the First, Second, Third and Fourth Causes of Action in the sum of ELEVEN MILLION ($11,000,000.00) DOLLARS together with the costs and disbursements of this action and interest from the date of death.

Dated: New York, New York
       January 14, 2020

                                          Very truly yours,

                                          LAW OFFICE OF VICTORIA WICKMAN

                                          Victoria Wickman, Esq.
                                          Attorney for Plaintiff
                                          LINDA CROSBY, as Administrator of the
                                          Estate of LINDA CROSBY, deceased,
                                          40 Exchange Place, Suite 500
                                          New York, New York 10005

Tele. (212) 374-9161
Facs. (212) 374-9178
Email:   vwickman@wickmanmedlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINDA CROSBY, as Administrator of the Estate of LINDA CROSBY, deceased,

                Plaintiff,

-against-

VICTOR INADA, M.D., CALLEN-LORDE COMMUNITY HEALTH CENTER and UNITED STATES OF AMERICA,

                Defendants.
-----------------------------------------------------------------X

**CERTIFICATE OF MERIT**

Civil Action No.:

VICTORIA WICKMAN, an attorney duly admitted to practice law before the Courts of the State of New York and the Southern District of New York, hereby affirms, pursuant to CPLR Section 2106:

1. I am the attorney for the plaintiff.

2. I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other State, and I reasonably believe that said physician(s) is knowledgeable as to the relevant issues involved in this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       January 14, 2020

                                                      VICTORIA WICKMAN, ESQ.