UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Linda Crosby,

                Plaintiff,

    -against-

United States of America,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2021

1:20-cv-00330 (SDA)

**MEMORANDUM & ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court in this action under the Federal Tort Claims Act ("FTCA") is a motion by Defendant United States of America ("Defendant" or "USA") for partial summary judgment dismissing Plaintiff's survival claim. (Def.'s Not. of Mot., ECF No. 45.) For the reasons set forth below, Defendant's motion is DENIED. Although, as Plaintiff and her counsel previously acknowledged,[1] the SF-95 claim was filed outside the applicable two-year statutory period for filing tort actions against the United States (*see* 28 U.S.C. § 2401(b)), there are factual issues regarding whether equitable tolling should apply.

USA contends that Plaintiff's survival claim accrued by at least February 17, 2017, when "Decedent and Plaintiff were or should have been aware of Decedent's diagnosis of colon cancer" and when they "were, or should have been, aware . . . of their view that any delayed diagnosis was allegedly caused by Callen-Lorde and Dr. Inada's failure to refer Decedent for a colonoscopy sooner." (*See* USA Mem., ECF No. 46, at 10.) USA further contends that, since Plaintiff did not

---

[1] *See* Palacio Decl. Ex. D, ECF No.52-4, at USA000157 (retainer letter with Plaintiff's counsel in which Plaintiff states that she "understand[s] that [she] came to [Plaintiff's counsel] after the time to bring an action for conscious pain and suffering had already expired").

present a survival claim to the Government until August 26, 2019, the time for presenting such claim had expired over six months earlier (*i.e.*, no later than February 17, 2019). (*See id*. at 12-13.)

In order to be entitled to equitable tolling, Plaintiff must establish "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (citation omitted). For the period prior to Decedent's death, the relevant principles must be applied from the perspective of Decedent, not Plaintiff. *See Miller v. Philadelphia Geriatric Ctr*., 463 F.3d 266, 273 (3d Cir. 2006) (in dispute regarding FTCA limitations issues as applied to survival claims, Court of Appeals found that District Court erred by looking to administratrix rather than decedent); *see also McGraw v. United States*, 281 F.3d 997, 1003 (9th Cir.) ("whereas the focus of the wrongful death claim for accrual purposes is on the personal representative, with survival claims the focus is on the decedent's knowledge"), *opinion amended and superseded on other grounds*, 298 F.3d 754 (9th Cir. 2002).

During the period from February 17, 2017 to January 25, 2018, when Decedent died, she received chemotherapy and underwent periods of hospitalization. (*See* USA 56.1 Stmt., ECF No. 47, ¶¶ 12-13; USA 56.1 Reply, ECF No. 57, ¶¶ 34, 37, 43.) These arguably were extraordinary circumstances that justified equitable tolling vis-à-vis Decedent prior to her death. *See United States v. Frank*, 23 F. App'x 659, 661 (9th Cir. 2001) ("Frank's suffering from colon cancer, and undergoing chemotherapy and radiation therapy to treat it[,] are extraordinary circumstances beyond his control which justified equitable tolling."); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (vacating dismissal of petition as untimely, after "conclud[ing] that hospitalization may demonstrate extraordinary circumstances"). Given Plaintiff's death, there is no direct evidence

regarding any efforts she made to diligently pursue her rights, but the Court can infer that such efforts may have been hampered by her chemotherapy and hospitalizations. *Cf. Barney v. H.E.L.P. Homeless Serv. Corp.*, No. 19-CV-05959 (KPF), 2020 WL 1699984, at *5 (S.D.N.Y. Apr. 8, 2020) (where plaintiff "faced both medical and technological barriers" to pursuing his rights during period at issue, looking to plaintiff's diligence "once the extraordinary circumstances had abated" in concluding that equitable tolling was warranted). About 14 months after Plaintiff was appointed as administrator, thereby obtaining authority to act on behalf of Decedent's estate, she filed the SF-95 claim.[2] In these circumstances, the Court finds that there are factual issues regarding whether Plaintiff's survival claim should be equitably tolled.

These factual issues should not be decided in the summary judgment context. *See Bridgewater v. Harris*, No. 16-CV-14112 (LJM), 2019 WL 3289845, at *4 (E.D. Mich. July 22, 2019) ("[A]t summary judgment, the Court 'does not sit as a trier of fact . . . even if the case is scheduled to be heard without a jury.'" (quoting *Med. Inst. Of Minn. v. Nat'l Ass'n of Trade & Tech. Schs.*, 817 F.2d 1310, 1315 (8th Cir. 1987)); *Lama v. Malik*, No. 13-CV-02846 (LDW), 2015 WL 13758051, at *2 (E.D.N.Y. Sept. 9, 2015) (denying defendants' motion for summary judgment without prejudice and directing that "an evidentiary hearing be held to determine if [p]laintiff is entitled to equitable tolling"). It is not the Court's function at this stage of the proceedings to weigh the evidence. The Court intends to comprehensively address the statute of limitations issues in its written findings of fact and conclusions of law following the bench trial in this action.[3]

---

[2] Plaintiff was not appointed as administrator of Decedent's estate until April 30, 2018 (*see* USA 56.1 Stmt. ¶ 16) and, therefore, had no authority to act on behalf of the Decedent prior to that date.

[3] The bench trial effectively will serve as an evidentiary hearing on equitable tolling with respect to the survival claim. *See, e.g., Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60-61 (2d Cir. 2002) (Sotomayor, J.) ("We therefore find that an evidentiary hearing is appropriate to determine to what extent, if any,

The Court hereby GRANTS USA's letter motion to seal filed at ECF No. 44. The documents filed at ECF Nos. 48 and 50 shall remain under seal since those documents contain information pertaining to Decedent's medical condition, diagnoses and treatment.

**SO ORDERED.**

Dated:   New York, New York
         October 13, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[plaintiff's] condition did in fact inhibit his understanding or otherwise impair his ability to [timely] comply [with procedural requirements], such that equitable tolling would be in order."); *Moreno v. 194 E. Second St. LLC*, No. 10-CV-07458 (JMF), 2013 WL 55954, at *3 (S.D.N.Y. Jan. 4, 2013) ("Where there are disputed issues of fact relating to the availability of equitable tolling, and those disputes are separable from the merits of the underlying claims, the proper course is for the Court to hold an evidentiary hearing to resolve the issue." (internal quotation marks and citation omitted)).